UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

INTERNATIONAL UNION OF BRICKLAYERS & ALLIED CRAFTWORKERS, LOCAL 1 (RHODE ISLAND), AFL-CIO,
Petitioner,

v.

UNI-CON FLOORS, INC.,
Respondent.

C.A. No. 05-

PETITION TO COMPEL ARBITRATION OF LABOR DISPUTE

1. Petitioner, Bricklayers & Allied Craftworkers, Local 1 (Rhode Island) is a labor organization with its principal place of business at 150 Midway Road, Suite 153, Cranston, Rhode Island.

2. Respondent Uni-Con Floors, Inc. is a corporation with its principal place of business at 2137A South Main Street, Fall River, Massachusetts.

JURISDICTION

3. Jurisdiction is rested upon 29 U.S.C. §185 and R.I. Gen. Laws §28-9-5.

FACTS

4. At all times material, Local 1 and Uni-Con have been party to a collective bargaining agreement, a true copy of which is attached as Exhibit 1.

5. Article VII of the collective bargaining agreement provides for final and binding arbitration of grievances arising between the parties. (Exhibit 1, pp. 41-42)

6. Article III(7) of the Agreement prohibits Uni-Con from subcontracting bargaining unit work to a contractor that has not signed or agreed to be bound by a collective bargaining agreement with the International Union of Bricklayers and Allied Craftworkers. (Exhibit 1, p. 17)

7. Beginning on or about May 17, 2005, Uni-Con violated the Agreement by subcontracting bargaining unit work located at the University of Rhode Island, Heathman Hall, to an employer that had neither signed nor agreed to be bound by a collective bargaining agreement with the International Union of Bricklayers and Allied Craftworkers, in violation of Articles III(7), and related provisions.

8. In accordance with Article VII (Exhibit 1, pp. 41-42), the Union has submitted a grievance of the Article III(7) violation to Uni-Con and requested that it cure the violation, but it has refused.

10. A true and accurate copy of the grievance letter is attached as Exhibit 2.

11. Following the refusal of Uni-Con to cure the violation, Local 1 made a demand, through its counsel, to select an arbitrator and arbitrate the dispute pursuant to the terms of the Agreement. A true and accurate copy of the demand letter is attached as Exhibit 3.

12. On October 6th and 11th, 2005, counsel for Local 1 left detailed telephone messages at the office of Uni-Con's counsel.

13. On October 12, 2005, counsel for Local 1 wrote Uni-Con's counsel to again demand that the parties select an arbitrator and arbitrate the dispute pursuant to the terms of the Agreement. A true and accurate copy of the second demand letter is attached as Exhibit 4.

14. To date, Uni-Con has not responded to the aforesaid demand letters or telephone messages.

15. Notwithstanding the aforesaid demands, Uni-Con has failed to cure the Article III(7) violation, select an arbitrator, or otherwise submit the dispute to arbitration.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner prays that this Honorable Court:

(a) Award Petitioner compensatory damages, punitive damages, counsel fees and costs of suit;

(b) Direct Respondent to select an arbitrator and proceed to arbitration, in accordance with 29 U.S.C. §185 and R.I. Gen. Laws §28-9-5.

(c) Order such other relief as the Court deems just and proper.

Respectfully submitted,
PETITIONER,
By its Attorneys,

Thomas R. Landry, Esq. (#6148)
GURSKY LAW ASSOCIATES
420 Scrabbletown Road, Suite C
North Kingstown, Rhode Island 02852
(401) 294-4700
(401) 294-4702 (facsimile)

Dated: October 21, 2005